IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

RODNEY TYRONE BLAYLOCK, #1138412 §

VS. § CIVIL ACTION NO. 6:05cv253

DIRECTOR, TDCJ-CID §

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of this case. Petitioner filed objections to the Report.

This Court made a *de novo* review of Petitioner's objections and determined that they lack merit. Petitioner's objections state that he is actually innocent of the crime for which he was arrested. He attached to his objections a January 28, 2006, affidavit from inmate Hardy Hudle who states that before Petitioner's arrest, Florence Thomas approached Hudle and asked for help in setting up Petitioner for a cocaine arrest because the police had promised to drop her charges if she did so.

As discussed in the Report and Recommendation, one of Petitioner's grounds for habeas corpus relief was that the state court erred in denying his motion to suppress Florence Thomas's testimony. The court records show that Ms. Thomas testified that she had no agreement with the district attorney. On cross-examination she testified again that she was promised nothing and expected nothing in exchange for her testimony. She testified that she did not want to testify but that the state subpoenaed her. She testified that the state had said nothing to her about helping them.

The affidavit now presented to this Court was not presented to the state court; consequently, the information in the affidavit does not render the state court's denial of Petitioner's motion a decision that was contrary to established federal law or an unreasonable determination of the facts.

A habeas petitioner's newly discovered evidence must be truly persuasive. *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Robison v. Johnson*, 151 F.3d 256, 267 (5th Cir. 1998), *cert. denied* 526 U.S. 1100 (1999). If a habeas petitioner's newly discovered evidence consists of affidavits, the evidence is particularly suspect because they were obtained without the benefit of cross-examination and an opportunity to make credibility determinations. *Herrera*, 506 U.S. at 417. Such affidavits are even more suspect if they consist of hearsay (*Id.*); *Dowthitt v. Johnson*, 230 F.3d 733, 742 (5th Cir. 2000), *cert denied* 532 U.S. 915 (2001)) or are produced after a long delay (*Schlup v. Delo*, 513 U.S. 298, 309 n. 19 (1995)). In considering such affidavits, courts consider the petitioner's lack of explanation for the delay in presenting the affidavit. *Herrera*, 506 U.S. at 417.

Petitioner offers no explanation for his delay in presenting the affidavit, which consists of hearsay and does not rise to the standard of being truly persuasive. This Court finds that the Magistrate Judge's findings and conclusions are correct, and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and,

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED this 10th day of February, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE